DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, City of Avon Lake, Ohio, appeals the decision of the Lorain County Court of Common Pleas, which found Resolution No. 192-2003 legally defective. This Court dismisses the appeal as moot.
 I. {¶ 2} On September 8, 2003, the City of Avon Lake passed Resolution No. 192-2003, which declares the necessity of improving a portion of Avon Belden Road sidewalks in Avon Lake, Ohio. Appellees, owners of the property at issue in Resolution No. 192-2003, filed a complaint to enjoin improvement and assessment, and for injunctive and tax payer relief.
 {¶ 3} Appellees then filed a motion for partial summary judgment and appellant filed a motion for summary judgment. The trial court found Resolution 192-2003 legally defective and enjoined the City of Avon Lake from assessing the costs of the improvements to appellees' properties to appellees.
 {¶ 4} Appellant timely appealed, setting forth two assignments of error.
 II. FIRST ASSIGNMENT OF ERROR
"[The trial] court erred when it found resolution 192-2003 (C-1) Defective for failing to properly describe the lots and land under R.C. 729.02(B) (B-1) and for failing to include all of the improvements for the properties at issue under R.C. 729.02(C) (B-1)."
 SECOND ASSIGNMENT OF ERROR
"[The trial] court erred when it did not dismiss this case since no assessment could be made until the completion of the 2003 sidewalk improvement project."
 {¶ 5} In both assignments of error, appellant argues that the trial court erred in finding Resolution 192-2003 legally defective. This Court finds the appeal to be moot and declines to address appellant's assignments of error.
 {¶ 6} In the present case, the purpose of the underlying lawsuit was to have Resolution No. 192-2003 invalidated. In its September 20, 2004 journal entry, the trial court found Resolution No. 192-2003 legally defective because it failed to comply with R.C. 729.02(B) and (C). The Council subsequently passed Resolution No. 199-2004, which amended Resolution 192-2003. Given that Resolution No. 199-2003 as passed on September 8, 2003, no longer exists, this appeal is moot.
 III. {¶ 7} Appellant's assignments of error are moot and this Court declines to address them. App.R. 12 (A)(1)(c). The appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, P.J., Whitmore, J., concur.